**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| Nusantao IP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.,<br><br>Defendants. | Case No. 2:25-cv-01178-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung") hereby answer the Complaint of Plaintiff Nusantao IP, LLC ("Plaintiff" or "Nusantao") for Patent Infringement dated November 29, 2025 ("Complaint") as follows:

## INTRODUCTION[1]

1. Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of Plaintiff's Complaint regarding the control of Plaintiff or its alleged ownership of U.S. Patent Nos. 11,095,613 (the "'613 patent") and 11,640,546 (the "'546 patent") (collectively, the "Asserted Patents") and, accordingly, denies them. Samsung denies the remaining allegations in Paragraph 1 of Plaintiff's Complaint.

[1] Samsung has repeated the headers of Plaintiff's Complaint for purposes of organization only. The inclusion of said headers shall not be an implied admission as to any allegation or fact.

## PLAINTIFF AND THE ASSERTED PATENTS

2. Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiff's Complaint and, accordingly, denies them.

3. Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of Plaintiff's Complaint including footnote 1 and, accordingly, denies them.

## DEFENDANTS AND THE ACCUSED PRODUCTS

4. Samsung admits that SEC is a corporation organized and existing under the laws of the Republic of Korea. Samsung admits that SEA is a corporation organized and existing under the laws of the State of New York. Samsung admits that SEC is the parent of SEA. Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 4 of Plaintiff's Complaint.

5. Samsung admits that SEC manufactures certain consumer electronic products, including smartphones, tablets, watches, televisions, and appliances, and that SEA sells certain consumer electronic products, including smartphones, tablets, watches, televisions, and appliances. Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 5 of Plaintiff's Complaint.

6. Samsung admits that a document entitled "Knox Vault" appears to be accessible at https://docs.samsungknox.com/admin/fundamentals/whitepaper/samsung-knox-mobile-security/system-security/knox-vault/ and that the document speaks for itself, but Samsung denies Plaintiff's characterization of the same. Except as expressly admitted, Samsung denies the allegations of Paragraph 6 of Plaintiff's Complaint.

7. Samsung admits that the webpage accessible at https://docs.samsungknox.com/admin/fundamentals/whitepaper/samsung-knox-mobile-

security/system-security/knox-vault/ contains a statement entitled "Knox Vault," and that the webpage speaks for itself. Samsung admits that the webpage accessible at https://news.samsung.com/global/introducing-knox-matrix-10-years-of-samsung-knox-security-and-samsungs-vision-for-a-safer-future contains a statement entitled "Introducing Knox Matrix: 10 Years of Samsung Knox Security and Samsung's Vision for a Safer Future," and that the webpage speaks for itself, but Samsung denies Plaintiff's characterization of the same. Except as expressly admitted, Samsung denies the allegations of Paragraph 7 of Plaintiff's Complaint.

8. Samsung admits that a webpage accessible at https://news.samsung.com/ca/samsung-introduces-mobile-security-for-personalized-ai-experiences contains a statement entitled "Samsung Introduces Mobile Security for Personalized AI Experiences," and that the web page speaks for itself, but Samsung denies Plaintiff's characterization of the same. Except as expressly admitted, Samsung denies the allegations of Paragraph 8 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

9. Paragraph 9 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Samsung admits that Plaintiff's Complaint purports to assert claims arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq.* Samsung admits that the Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Samsung denies the allegations of Paragraph 9 of Plaintiff's Complaint.

10. Paragraph 10 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Samsung does not contest personal jurisdiction in this District solely for the purpose of this action. Samsung denies that it has committed or continues to commit any acts of infringement in this District or in any other judicial district. Except as

expressly admitted, Samsung denies any remaining allegations of Paragraph 10 of Plaintiff's Complaint.

11. Paragraph 11 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Samsung admits that SEA maintains a location at 6625 Excellence Way, Plano, TX 75023. Samsung does not contest that venue is proper in this District as to SEA and SEC solely for purposes of this particular action without waiving any defense of improper venue in connection with any other cause of action or claim. Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 11 of Plaintiff's Complaint.

12. Paragraph 12 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Samsung admits that SEC is not a resident of the United States. Samsung does not contest that venue is proper in this District as to SEA and SEC solely for purposes of this particular action without waiving any defense of improper venue in connection with any other cause of action or claim. Samsung denies the remaining allegations in Paragraph 12 of Plaintiff's Complaint.

## COUNT I
## (Infringement of '613 patent)

13. No response is required to Plaintiff's reference and incorporation of each preceding paragraph. To the extent a response is deemed required, Samsung repeats and incorporates by reference its answers to each preceding paragraph as set forth above.

14. Samsung admits that the face of the '613 Patent identifies an issuance date of August 17, 2021 and is titled "System of Smart Edge Sensors." Samsung admits that what purports to be a copy of the '613 Patent is attached to Plaintiff's Complaint as **Exhibit 1**. Samsung admits that, according to the face of the '613 Patent, it claims priority to a provisional application,

No. 62/681,844, filed on June 7, 2018. Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 14 of Plaintiff's Complaint.

15. Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiff's Complaint and, accordingly, denies them.

16. Denied.

17. Samsung admits that the '613 Patent contains Figure 1 but Samsung denies Plaintiff's characterization of the same. Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 17 of Plaintiff's Complaint.

18. Denied.

19. Denied.

20. Denied.

**COUNT II**
**(Infringement of '546 patent)**

21. No response is required to Plaintiff's reference and incorporation of each preceding paragraph. To the extent a response is deemed required, Samsung repeats and incorporates by reference its answers to each preceding paragraph as set forth above.

22. Samsung admits that the face of the '546 Patent identifies an issuance date of May 2, 2023 and is titled "Managing Access to Data and Managing Operations Performed by Applications." Samsung admits that what purports to be a copy of the '546 Patent is attached to Plaintiff's Complaint as **Exhibit 2**. Samsung admits that, according to the face of the '546 Patent, it claims priority to a provisional application, No. 62/840,822, filed on April 30, 2019, and a provisional application, No. 62/828,363, filed on April 2, 2019. Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 22 of Plaintiff's Complaint.

23. Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of Plaintiff's Complaint and, accordingly, denies them.

24. Denied.

25. Samsung admits that the '546 Patent contains Figure 18 and the quoted text but Samsung denies Plaintiff's characterization of the same. Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 25.

26. Denied.

27. Denied.

28. Denied.

## RESPONSE TO PRAYER FOR RELIEF

To the extent Plaintiff's Prayer for Relief is deemed to allege any facts or entitlements to the remaining relief requested, Samsung denies each and every allegation, and Samsung specifically denies that Plaintiff is entitled to any requested relief. Samsung further denies that any conduct on its part subjects Samsung to judgment for direct infringement or any other type of infringement. Samsung further denies that any conduct on its part subjects Samsung to liability for damages, supplemental damages, ongoing royalty, attorneys' fees and costs under 35 U.S.C. § 285, pre-judgment or post-judgment interest, reimbursement of costs, or any form of equitable relief, including injunctive relief, or any additional relief. Samsung asks that the Court dismiss Plaintiff's Complaint with prejudice.

## RESPONSE TO DEMAND FOR JURY TRIAL

Plaintiff's demand for a trial by jury for all issues so triable by right does not state any allegation, and Samsung is not required to respond. Samsung also requests a jury trial of all issues so triable to a jury in this action. To the extent that any allegations are included in the demand, Samsung denies these allegations.

## GENERAL DENIAL

To the extent that any allegations in Plaintiff's Complaint are not specifically admitted above, Samsung denies them.

## AFFIRMATIVE DEFENSES

Further answering Plaintiff's Complaint and as additional defenses thereto, Samsung states the following affirmative and other defenses, without admitting any allegation of the Complaint and without altering any burdens of proof otherwise applicable at law or equity.

### First Defense – No Patent Infringement

Samsung does not and has not infringed (either literally or under the doctrine of equivalents) any valid and enforceable claim of the Asserted Patents under any theory of infringement, directly, indirectly, or otherwise.

### Second Defense – Patent Invalidity

On information and belief, the claims of the Asserted Patents are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (eligibility), 102 (anticipation), 103 (obviousness), 112 (indefiniteness, failure to satisfy the written description and/or enablement requirements, and/or failure to claim what the applicants regarded as their invention), for improper inventorship, and/or the rules, regulations, and laws pertaining thereto.

### Third Defense – Equitable Doctrines of Estoppel, Implied License, Waiver, Acquiescence, and/or Unclean Hands

Plaintiff's claims against Samsung regarding the Asserted Patents are barred, and the patents are unenforceable against Samsung, and/or damages are barred or limited, due to the equitable doctrines of estoppel, implied license, waiver, acquiescence, and/or unclean hands.

**Fourth Defense – Prosecution Disclaimer / Estoppel**

On information and belief, the Asserted Patents are and were limited by amendment, by the prior art, and/or by statements made to the United States Patent and Trademark Office during prosecution of the applications that led to the issuance of the Asserted Patents and/or related applications, such that Plaintiff is barred, under the doctrines of prosecution disclaimer and/or prosecution history estoppel, from construing the claims of the Asserted Patents in such a way as may cover the Accused Products.

**Fifth Defense – Ensnarement**

To the extent Plaintiff's claims against Samsung regarding the Asserted Patents rely on the doctrine of equivalents, Plaintiff is barred from asserting a scope of equivalency that would encompass, or ensnare, the prior art.

**Sixth Defense – Failure To State A Claim**

Plaintiff's Complaint fails to state a claim upon which relief can be granted, including, but not limited to, failure of Plaintiff's Complaint to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

**Seventh Defense – Lack Of Standing and/or Statutory Cause Of Action**

On information and belief, Plaintiff does not own or lacks all substantial rights in the Asserted Patents. Thus, Plaintiff either (1) lacks standing to assert the Asserted Patents; or (2) lacks a statutory cause of action to assert the Asserted Patents without joining one or more third parties.

**Eighth Defense – License**

Plaintiff's claims for relief may be barred in whole or in part by one or more express and/or implied licenses.

**Ninth Defense – Patent Exhaustion**

Plaintiff's claims for relief may be barred in whole or in part by the doctrine of patent exhaustion.

**Tenth Defense – No Irreparable Harm**

Plaintiff's claims for injunctive relief are barred because there exists an adequate remedy at law for Plaintiff's allegations and Plaintiff's claims otherwise fail to meet the requirements for such relief.

**Eleventh Defense – Limitation On Patent Damages**

Plaintiff's claims for damages, if any, against Samsung for alleged infringement of the Asserted Patents are statutorily limited by 35 U.S.C. § 286.

**Twelfth Defense – Extraterritoriality**

Plaintiff's claims for damages are barred or limited to the extent they seek recovery for foreign sales or activities outside the United States.

**Thirteenth Defense – Failure To Mark**

Plaintiff's claims for damages, if any, are limited by its failure to comply with the patent marking statute, 35 U.S.C. § 287.

**Fourteenth Defense – Preclusion Of Costs**

Plaintiff is barred under 35 U.S.C. § 288 from recovering costs associated with its action.

**Fifteenth Defense – No Attorneys' Fees**

Plaintiff is precluded from recovering attorneys' fees under 35 U.S.C. § 285 and/or pursuant to this Court's inherent power.

**RESERVATION OF RIGHTS**

Samsung reserves the right to amend its Answer to add additional defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other

defenses, at law and/or equity (including, but not limited to, additional instances of inequitable conduct and/or patent misuse), as they become known throughout the course of discovery in this case. Assertion of a defense is not a concession that Samsung has the burden of proving the matter asserted.

## EXCEPTIONAL CASE

On information and belief, this is an exceptional case entitling Samsung to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung" or "Counterclaim-Plaintiffs"), through their counsel, hereby assert the following Counterclaims against Nusantao IP, LLC ("Nusantao" or "Counterclaim-Defendant"):

## NATURE OF ACTION

1. The counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 as well as the patent laws of the United States set forth in Title 35 of the United States Code.

2. As detailed below, Samsung seeks declaratory judgment of noninfringement and invalidity of U.S. Patent Nos. 11,095,613 (the "'613 patent") and 11,640,546 (the "'546 patent") (collectively, the "Asserted Patents").

## PARTIES

3. SEC is a corporation organized under the laws of South Korea. SEC has a location at 129, Samsung-Ro, YeongTong-Gu, Suwon-Si, Gyeonggi-Do, 443-742, South Korea.

4. SEA is a corporation organized under the laws of the State of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

5. On information and belief, and by the Complaint in this action, Nusantao IP, LLC ("Plaintiff" or "Nusantao") is a limited liability company organized and existing under the laws of Wyoming, with its principal place of business at 5830 E. 2nd St. Ste. 7000 #19713, Casper, WY 82609.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Samsung's declaratory judgment counterclaims pursuant to 28 U.S.C. §§ 2201 and 2202, and subject matter jurisdiction over patent infringement and invalidity pursuant to 28 U.S.C. §§ 1331, 1367, and 1338(a). An actual, substantial, and continuing justiciable controversy exists between Samsung and Nusantao based on Nusantao having filed its Complaint alleging that Samsung has infringed the Asserted Patents, with respect to which Samsung requires a declaration of its rights by this Court. Specifically, the controversy concerns the invalidity and non-infringement of the Asserted Patents and the right of Nusantao to maintain suit for alleged infringement of the Asserted Patents.

7. The Court has personal jurisdiction over Nusantao because, *inter alia*, Nusantao has submitted to the personal jurisdiction of this Court by bringing the present action through filing its Complaint.

8. Venue is proper in this District as to these counterclaims pursuant to 28 U.S.C. §§ 1391 and/or 1400(b) because, *inter alia*, Nusantao has submitted to the venue of this Court by filing its Complaint in this District.

## COUNT I
## NON-INFRINGEMENT OF THE '613 PATENT

9. Samsung restates and incorporates by reference the allegations contained in the foregoing paragraphs, as if fully set forth herein.

10. Samsung does not infringe and has not infringed (whether directly, contributorily, or by inducement), literally or under the doctrine of equivalents, any valid claim of the ’613 patent, under any theory of infringement.

11. An actual case or controversy exists between Samsung and Nusantao based on Nusantao having filed its Complaint against Samsung alleging infringement of the ’613 patent.

12. Samsung has been injured and damaged by Nusantao filing its Complaint asserting a patent that Samsung does not infringe.

13. Samsung, therefore, seeks a declaration that it does not infringe and has not infringed (whether directly, contributorily, or by inducement), literally or under the doctrine of equivalents, any valid and enforceable claim of the ’613 patent.

14. This is an exceptional case entitling Samsung to an award of its attorneys’ fees incurred in connection with the present action pursuant to 35 U.S.C. § 285.

**COUNT II**
**INVALIDITY OF THE ’613 PATENT**

15. Samsung restates and incorporates by reference the allegations contained in the foregoing paragraphs, as if fully set forth herein.

16. The ’613 patent is invalid because the alleged invention(s) therein fail to satisfy the conditions for patentability under 35 U.S.C. §§ 101 *et seq.*, including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

17. An actual case or controversy exists between Samsung and Nusantao based on Nusantao having filed its Complaint against Samsung alleging infringement of the ’613 patent.

18. Samsung has been injured and damaged by Nusantao filing its Complaint asserting an invalid patent.

19. Samsung, therefore, seeks a declaration that the ’613 patent is invalid for failing to comply with one or more of the requirements set forth under United States law, including, *inter alia*, 35 U.S.C. §§ 101, 102, 103, and/or 112.

20. This is an exceptional case entitling Samsung to an award of its attorneys’ fees incurred in connection with the present action pursuant to 35 U.S.C. § 285.

**COUNT III**
**NON-INFRINGEMENT OF THE ’546 PATENT**

21. Samsung restates and incorporates by reference the allegations contained in the foregoing paragraphs, as if fully set forth herein.

22. Samsung does not infringe and has not infringed (whether directly, contributorily, or by inducement), literally or under the doctrine of equivalents, any valid claim of the ’546 patent, under any theory of infringement.

23. An actual case or controversy exists between Samsung and Nusantao based on Nusantao having filed its Complaint against Samsung alleging infringement of the ’546 patent.

24. Samsung has been injured and damaged by Nusantao filing its Complaint asserting a patent that Samsung does not infringe.

25. Samsung, therefore, seeks a declaration that it does not infringe and has not infringed (whether directly, contributorily, or by inducement), literally or under the doctrine of equivalents, any valid and enforceable claim of the ’546 patent.

26. This is an exceptional case entitling Samsung to an award of its attorneys’ fees incurred in connection with the present action pursuant to 35 U.S.C. § 285.

**COUNT IV**
**INVALIDITY OF THE ’546 PATENT**

27. Samsung restates and incorporates by reference the allegations contained in the foregoing paragraphs, as if fully set forth herein.

28. The ’546 patent is invalid because the alleged invention(s) therein fail to satisfy the conditions for patentability under 35 U.S.C. §§ 101 *et seq.*, including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

29. An actual case or controversy exists between Samsung and Nusantao based on Nusantao having filed its Complaint against Samsung alleging infringement of the ’546 patent.

30. Samsung has been injured and damaged by Nusantao filing its Complaint asserting an invalid patent.

31. Samsung, therefore, seeks a declaration that the ’546 patent is invalid for failing to comply with one or more of the requirements set forth under United States law, including, *inter alia*, 35 U.S.C. §§ 101, 102, 103, and/or 112.

32. This is an exceptional case entitling Samsung to an award of its attorneys’ fees incurred in connection with the present action pursuant to 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

Samsung respectfully demands a trial by jury on all triable issues.

## PRAYER FOR RELIEF

WHEREFORE, Samsung respectfully prays for:

A. A judgment in favor of Samsung denying Nusantao all relief requested in its Complaint, and dismissing it with prejudice;

B. A judgment in favor of Samsung on all of its Counterclaims;

C. A declaration that Samsung has not infringed and does not infringe any valid and enforceable claim of the Asserted Patents;

D. A declaration that the Asserted Patents are invalid and unenforceable;

E. A declaration that this case is exceptional under 35 U.S.C. § 285 and an award to Samsung of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

F. Such other and further relief as the Court may deem just and proper.

Dated: March 23, 2026

Respectfully submitted,

*/s/ Jin-Suk Park*

Jin-Suk Park
jin.park@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Facsimile: (202) 942-5555

-and-

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd. and*
*Samsung Electronics America, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that on March 23, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Melissa R. Smith*